UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel., ) | | |
| TREVOR ADAMS ) | | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | 10 C 5702 | |
| ) | | |
| ALEX DAWSON, Warden, , ) | | |
| Logan Correctional Center ) | | |
| ) | | |
| Respondent. ) | | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 submitted by Petitioner Trevor Adams ("Adams"). For the reasons set forth below, we deny the petition and decline to issue a certificate of appealability.

### BACKGROUND

Following an August 2007 jury trial in the Circuit Court of Cook County, Adams was convicted of armed robbery and sentenced to fifteen years in prison. Adams filed an appeal of his conviction with the Illinois Appellate Court on December 10, 2008. On appeal, Adams challenged his conviction on several grounds only two of which are

relevant here. First, Adams argued that the trial court violated his right to a fair trial under the Due Process Clause of the Fourteenth Amendment by erroneously reading the jury instructions about evaluating witness identification testimony. Second, Adams contended that his trial counsel's failure to object to the instruction violated his Sixth Amendment right to effective assistance of counsel.

The appellate court affirmed Adams' conviction and sentence on September 1, 2009. *People v. Adams*, No. 1-07-3214 slip. op. at 20 (Ill. App. Ct. Sep. 1, 2009). The appellate court held that Adams had forfeited review of his jury instruction challenge by failing to object to the instruction at trial and declining to raise it in a post-trial motion. *Id*. at 8. The court then declined to address the issue on plain error review because the evidence of Adams' guilt was not closely balanced. *Id*. at 10-15. The appellate court also rejected Adams' ineffective assistance claim because Adams had not demonstrated his counsel's error resulted in prejudice against him at trial. *Id*. at 15.

Adams submitted his petition for leave to appeal ("PLA") with the Illinois Supreme Court in the prison mail system on September 16, 2009. In his PLA, Adams asserted that the trial court violated his Due Process rights by incorrectly reading the witness identification jury instruction. He also challenged the Appellate Court's determination that the evidence at trial was closely balanced such that his jury

instructions claim did not qualify for plain error review. The Illinois Supreme Court denied Adams' PLA on November 25, 2009.

On September 8, 2010, Adams filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Adams raises two claims in his petition. First, he argues that the trial court violated his Due Process right to a fair trial by incorrectly reading the witness identification instruction. Adams also claims that his due process rights were violated when the state appellate court unreasonably applied state law to the facts of his case and based its decision on an unreasonable determination of the facts.

## LEGAL STANDARD

Federal district courts are empowered by 28 U.S.C. § 2254 to entertain writs of habeas corpus on behalf of state prisoners on the ground that they are imprisoned in violation of the Constitution, law, or treaties of the United States. A federal court may only entertain such a writ once a prisoner has exhausted his challenges to his conviction in the state courts. 28 U.S.C. § 2254(b)(1)(A). According to 28 U.S.C. § 2254(d)(1)-(2), habeas relief may only be awarded if the state court's adjudication of the claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of

the United States or "was based on an unreasonable determination of facts in light of the evidence presented in the State Court proceeding.

With these principles in mind, we turn to Adams' petition.

**DISCUSSION**

Respondent Alex Dawson ("Dawson") contends that we should deny the petition for habeas corpus Adams submitted because his claims are either procedurally defaulted or non-cognizable on habeas review.

Dawson argues that we should deny Adams' jury instructions claim because the Illinois Appellate Court denied the claim on an adequate and independent state law ground. A habeas petitioner's claim will be considered procedurally defaulted when a state court decides a federal issue on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment. *See Stewart v. Smith*, 536 U.S. 856, 859-61 (2002). This doctrine only applies if "the state court actually relied on the procedural default as an independent basis for its decision." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). In affirming Adams' conviction, the Illinois Appellate Court explicitly held that Adams procedurally forfeited his challenge to the jury instructions by failing to object to the instructions during trial or raising the issue in a post-trial motion. *People v. Adams*, No. 1-07-3214 slip. op. at 8 (Ill. App. Ct. Sep. 1, 2009). "If a state court clearly and expressly states that its

judgment rests on a state procedural bar and does not reach the merits of a federal claim, then we are unable to consider that claim on collateral review." *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010). The state appellate court's plain error review of Adams' jury instruction claim does not alter our conclusion that the court predicated its decision on an independent state law ground. *Miranda v. Leibach*, 394 F.3d 984, 992 (7th Cir. 2005).

Despite the apparent procedural default of his jury instructions challenge, Adams maintains that the court should assess the merits of his claim because he qualifies for certain exceptions to the procedural default rule. Adams first contends that the court should excuse his procedural default because his trial counsel's ineffective assistance caused the default and he suffered prejudice as a result. A procedural default will bar federal habeas relief on the claim unless the petitioner can demonstrate cause for and prejudice stemming from that default. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Cause will typically consist of "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Ineffective assistance may constitute cause to excuse the procedural default of another claim but only if the ineffective assistance claim itself has not been procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Adams procedurally defaulted his ineffective assistance challenge by

neglecting to raise the claim in his PLA to the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (petitioner must present federal claim through one complete round of the state's established review process in order to avoid procedural default of claim). We decline to excuse Adams' procedural default on this basis.

Adams also contends that he qualifies for the fundamental miscarriage of justice exception to the procedural default rule. A petitioner's procedural default may be exempted from the procedural default rule if he shows that he is actually innocent of the crime for which he is imprisoned. *Schulp v. Delo*, 513 U.S. 298, 327 (1995). "To support a colorable claim of actual innocence the petitioner must come forward with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (internal quotation marks omitted). Adams has not presented us with any new reliable evidence that he did not submit at trial; he cannot demonstrate his eligibility for the fundamental miscarriage of justice exception without such evidence. Adams has procedurally defaulted his jury instructions claim and does not qualify for any exception to the procedural default rule. Accordingly, his first claim is denied.

Dawson contends that Adams' second claim should also be denied because it does not state a cognizable ground for habeas relief. In his second claim, Adams alleges that his Due Process Clause rights were violated when the Illinois Appellate Court unreasonably applied the controlling law and determined the facts in holding that forfeiture of his jury waiver claim should not be excused under the plain error doctrine. Though Adams invokes a substantive constitutional right, his claim essentially challenges the appellate court's application of the plain error doctrine under Illinois law. Adams' claim does not state a cognizable claim on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (federal habeas does not remedy errors of state law). We deny Adams' second claim on that basis.

Rule 11(a) of the Rules Governing Section 2254 Cases demands that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a petitioner may obtain a certificate of appealability only when the applicant has made a "substantial showing of the denial of a constitutional right." To make the required substantial showing, a petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Additionally, when a

petitioner asks to appeal a denial predicated upon procedural grounds, he must also show that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. Proc. 22(b)(1). We conclude that reasonable jurists could not debate the correctness of our decision on Adams' petition. Adams procedurally defaulted his jury instructions claim; the appellate court unequivocally based its denial of Adams' claim on an adequate and independent state ground of forfeiture and Adams does not qualify for any exception to the rule. Additionally, Adams' second claim challenges the appellate court's application of Illinois law and does not state a cognizable claim on habeas. We therefore decline to issue a certificate of appealability.

## CONCLUSION

Adams' petition for a writ of habeas corpus is denied. We decline to issue a certificate of appealability.

_____
Charles P. Kocoras
United States District Judge

Dated:   February 25, 2011